IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHANTELL D. NEWMAN,                :
                                   :
         Plaintiff,                :
                                   :
   v.                              : Civil Action No. 22-167-RGA
                                   :
MAYOR MIKE PURZYCKI, et al.,       :
                                   :
         Defendants.               :

Shantell D. Newman, Wilmington, Delaware.  Pro Se Plaintiff.

# MEMORANDUM OPINION

April 28, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action pursuant to 42 U.S.C. § 1983. (D.I. 2 at 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). On January 28, 2022, Plaintiff received an email that her vehicle would be towed. (D.I. 2 at 4). She alleges that it is her right to travel using ordinary vehicles and the deprivation of her vehicle violates her constitutional rights under 42 U.S.C. § 1983 and federal criminal code 18 U.S.C. § 242. (D.I. 2 at 5). It is not clear if Plaintiff contacted Defendant Wilmington Mayor Mike Purzycki or his office to complain after her car was "booted" when she received "illegal" tickets from 2014 totaling $600. (*Id.* at 7). Plaintiff states that the tickets could not possibly belong to her because the Attorney General's office kidnapped her and she was imprisoned at Baylor Women's Correctional Institution for three years "2014-2017 – 2017-2020." (*Id.*). Plaintiff alleges "they" are retaliating because she has called and complained that this is not legal. (*Id.*). Plaintiff went to the police department (presumably Defendant Wilmington Police Department) to file a report against the police and was not allowed to file a report or a citizen's complaint. (*Id.* at 5-6).

1

Plaintiff seeks discovery and a police investigation, asks that the Mayor's Office leave her car alone, and seeks $100,000,000 in damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim

2

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Personal Involvement**. Mayor Purzycki is a named defendant. The Complaint does not indicate if Purzycki is named as defendant based upon his position as mayor or because he has personal involvement in the matter.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action cannot be held liable unless he had personal involvement. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

To the extent Plaintiff raises a claim against Purzycki based upon his position as mayor, the claim fails as a matter of law. In addition, as pled, it is not clear if what actions, if any, were taken by Purzycki. Plaintiff alleges that she contacted the Mayor's Office, that she "contacted Mike," and that the Mayor's office "committed a tort transfer action." At most, Plaintiff "contacted Mike." This does not suffice to state a claim. Therefore, dismissal is appropriate.

**Municipal Liability.** The Wilmington Police Department is a named defendant.[1] A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. .

---

[1] The proper municipal defendant is the City of Wilmington.

4

. so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the Wilmington Police was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the Wilmington Police Department directly caused harm to Plaintiff, her § 1983 claim cannot stand. The claim will be dismissed.

**Federal Criminal Statute.** Plaintiff alleges violations of 18 U.S.C. § 242. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statute upon which she relies, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.